**Franklin OLIVARES, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–3681.

United States Court of Appeals, Sixth Circuit.

Aug. 12, 2002.

Before KEITH, MOORE, and GILMAN, Circuit Judges.

*ORDER*

The pro se petitioner has filed with this court a "Petition for Review of a Decision by United States Immigration and Naturalization Service." Within that document, the petitioner asserts that on October 20, 2001, he submitted to the Immigration and Naturalization Service (INS) an application for a change of status from that of a permanent resident alien to a national of the United States. On January 8, 2002, the INS, through the office located in Cleveland, Ohio, issued a notice of action stating that "your request for change of status from permanent resident to national of the United States is a frivolous filing and has been rejected." The petitioner asserts that he then wrote and asked how to appeal that notice, but that he received no further information. Therefore, he argues that he has exhausted his administrative remedies, and he seeks relief from this court. The petition filed in this court sets forth the petitioner's argument as to why his status should be changed to that of a "national."

Under 8 U.S.C. § 1252, the court of appeals is granted authority to review certain determinations of the INS, including orders of removal. The instant petition for review does not reference any reviewa-

ble order that might fall within this court's jurisdiction. We note that· an alien may seek review of an immigration judge's denial of a proper application for naturalization in the appropriate district court. *See* 8 U.S.C. § 1421(c). Here, however, the petitioner was advised only that his application was not accepted for filing. Insofar as the procedures for filing and the contents of an application for naturalization are prescribed by the Attorney General, *see e.g.* 8 U.S.C. §§ 1443 and 1445, the rejection of the petitioner's filing appears to be a discretionary act within the authority of the INS. Even were there some basis for this court's exercise of jurisdiction, we would not interfere with the exercise of that discretion on the basis of the instant petition.

The petition for review hereby is DISMISSED.